UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TYESHIA ZINAMON, ET AL.                              CIVIL ACTION NO.

VERSUS                                                       19-656-SDD-EWD

STR TRANSPORT, INC., ET AL.

## RULING AND ORDER

Before the Court[1] is the Motion to Compel Production of Withheld Documents and Second Corporate Representative Deposition (the "Motion"), filed by Tyeshia Zinamon and Magarret Taylor ("Plaintiffs").[2] STR Transport, Inc. ("STR"), Prime Property & Casualty ("Prime"), and Rafael Lopez ("Lopez") (collectively, "Defendants") oppose the Motion.[3] Plaintiffs have filed a Reply.[4] As to the sole remaining issue—whether Plaintiffs are entitled to re-depose the corporate representative of STR—the Motion will be denied as untimely.

### I.    Background

The fact discovery deadline expired on July 22, 2020.[5] However, just prior to expiration, the parties were granted a limited extension of the fact discovery deadline solely for Plaintiff to conduct the Fed. R. Civ. P. 30(b)(6) deposition of a corporate representative of STR.[6] The

---

[1] A magistrate judge may "hear and determine" non-dispositive pre-trial motions pursuant to 28 U.S.C. § 636(b)(1)(A). "A motion to compel is a nondispositive, pretrial discovery motion." *Tingle v. Hebert,* No. 15-626, 2017 WL 2543822, at *1 (M.D. La. June 12, 2017), *citing State Farm Mut. Auto. Ins. Co. v. Friedman*, No. 98-2918, 2002 WL 649417, at *1 (N.D. Tex. Jan. 14, 2002) (*citing Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995)). *See Turner v. Hayden*, No. 15-2282, 2016 WL 6993864, at *1 (W.D. La. Nov. 29, 2016) ("The decision by Magistrate Hornsby to deny Turner's Motion to Compel Discovery is a non-dispositive matter."); *In re Tex. Bumper Exchange, Inc.*, No. 05-50305, 333 B.R. 135, 138 (Bkrtcy. W.D. Tex. Sept. 26, 2005) (holding bankruptcy court's order granting motion to compel discovery was an interlocutory order as the order concerned a nondispositive discovery issue and did not dispose of the merits of litigation).
[2] R. Doc. 41.
[3] R. Doc. 58.
[4] R. Doc. 61.
[5] R. Doc. 10.
[6] R. Docs. 21-22.

corporate deposition took place on July 24, 2020.[7]  On August 28, 2020, Plaintiff filed the instant Motion, seeking a second corporate deposition.[8]   On September 9, 2020, the Court held a telephone conference with the parties to discuss the issues raised in the Motion.[9]  Plaintiffs contended the corporate representative was improperly instructed by defense counsel to not answer questions and was not fully prepared to testify as to the topics listed on the Fed. R. Civ. P. 30(b)(6) notice, to which Defendants failed to object. Defendants opposed a second corporate deposition on the grounds that they produced a corporate representative who testified as to the deposition topics delineated by Plaintiffs, but many of the questions asked were not within the scope of those topics.  Defendants also argued that the Motion was untimely filed because the fact discovery deadline in the Scheduling Order expired on July 22, 2020.[10]  Plaintiffs explained that the timing of the Motion was the result of several things, including that Plaintiff needed time to draft and research the Motion, and prior to filing the Motion, Plaintiffs attempted to resolve the issues raised in the Motion with Defendants.  Plaintiffs further noted that the Motion was first asserted in late August, and then re-asserted after the conferral process with defense counsel proved unsuccessful.[11]

After receiving guidance during the conference with regard to the issues raised in the Motion, the parties were ordered to engage in another Fed. R. Civ. P. 37 discovery conference because their prior effort was inadequate.[12] Subsequent filings indicate that the follow-up

---

[7] R. Doc. 41-2, p. 1.
[8] R. Doc. 41, p. 1.  The Motion was initially filed on August 28, 2020 but was stricken from the record at Plaintiffs' request. R. Docs. 38, 40, 42-43.  Plaintiffs then re-filed the Motion on September 2, 2020. R. Doc. 41.  The Motion also originally sought to compel Defendants to supplement their responses and production to Plaintiffs' discovery requests; however, that issue was resolved by the parties after receiving guidance from the undersigned and conferring again.  R. Doc. 41, p. 1; R. Doc. 49; R. Doc. 58, p. 1.
[9] R. Doc. 49.
[10] R. Doc. 14.
[11] R. Docs. 38, 40, 42-43.
[12] R. Doc. 49.

conference successfully resolved the issues raised with respect to the sufficiency of Defendants' discovery responses, but not Plaintiff's request for a second corporate deposition.[13] This Ruling and Order is limited to that request.

## II.    Law and Analysis

Pursuant to Fed. R. Civ. P. 30(b)(6), a party may name as a deponent a public or private corporation and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more representatives who consent to testify on its behalf, and it may set out the matters on which each person designated will testify. The designated representatives must testify about information known or reasonably available to the organization.[14] If a deponent fails to answer a question asked under Fed. R. Civ. P. 30, the party seeking the deposition may move to compel a response and for appropriate sanctions under Rule 37.[15] "An evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."[16]

Under Local Civil Rule 26(d), the parties can agree to conduct discovery outside the scheduling order deadlines but, absent exceptional circumstances, cannot file a motion to compel after the discovery deadline passes unless it is filed within seven days after the discovery deadline and is related to conduct that occurred during the last seven days of discovery. Further, Fed. R. Civ. P. 6(1) provides: "When an act may or must be done within a specified time, the court may, for good cause, extend the time… on motion made after the time has expired if the party failed to act because of excusable neglect."

---

[13] R. Doc. 58; R. Doc. 61.
[14] Fed. R. Civ. P. 30 (b)(6).
[15] Fed. R. Civ. P. 37(a)(3)(b)(i).
[16] Fed. R. Civ. P. 37(a)(4).

The Motion was originally filed on August 28, 2020, over a month after the July 24, 2020 deposition and the July 22, 2020 Scheduling Order fact discovery deadline. Local Rule 26(d)(1)'s provision permitting motions to compel within seven days after the discovery deadline, if such motion is related to conduct that occurred during the last seven days of discovery, is not applicable here because the instant Motion was not filed with seven days of the extended discovery deadline, *i.e.*, the July 24, 2020 deadline to take the corporate deposition.[17]

As Local Rule 26(d)(1) does not apply, Plaintiffs must present exceptional circumstances under Local Rule 26(d)(2), or excusable neglect under Fed. R. Civ. P. 6(b)(1)(B), in order for Plaintiff's Motion to be substantively considered. Plaintiffs argue that it was not feasible for them to file the Motion sooner since they needed time to receive the transcript (which they requested rushed and in rough draft),[18] confer with Defendants, research the law, and draft the Motion.[19] Further, Plaintiffs contend that the Motion should be considered timely because it was filed two weeks after the parties conferred on August 14, 2020 about discovery.[20]

Plaintiffs' arguments fail to present exceptional circumstances under Local Rule 26(d)(2), or excusable neglect under Fed. R. Civ. P. 6(b)(1)(B).[21] Plaintiffs were present during the deposition, and witnessed opposing counsel's instructions to the deponent, so Plaintiffs were aware

---

[17] Plaintiffs' contention that, since the corporate deposition occurred after the close of discovery, Local Rule 26(d)'s deadline to file motions to compel seven days after the close of discovery is automatically inapplicable, lacks merit. R. Doc. 61, p. 3. Because the discovery deadline was extended by the Court for the purpose of permitting the corporation deposition, the argument is persuasive that motions seeking relief related to that deposition would be timely until seven days after the extended deadline (here, until July 31, 2020). Defendants acknowledge this timing as well. R. Doc. 58, p. 3. If Plaintiffs had filed the instant Motion (or, a motion for extension) within seven days of the deposition and asserted that argument, such request may have been timely. However, Plaintiffs' assertion that the Motion was timely filed fourteen days after conferral with Defendants is not based on any applicable rule or authority.
[18] R. Doc. 58-2.
[19] R. Doc. 61, p. 3.
[20] R. Doc. 49, p. 2 and R. Doc. 61.
[21] In contrast, and as noted during the telephone conference, Plaintiffs' grounds for the delay in seeking Defendants' supplemental responses to discovery may have presented exceptional circumstances. Additionally, Defendants have an ongoing obligation to supplement or correct responses under Fed. R. Civ. P. 26(e).

4

of the grounds for the Motion contemporaneously with the deposition.[22] Indeed, Defendants contend that Plaintiffs stated during the deposition that Plaintiffs would be filing the instant Motion.[23] Additionally, the parties conferred during the deposition to some extent about defense counsel's instructions to the deponent to refrain from answering certain questions, which Defendants contended were outside the scope of the enumerated deposition topics, so Plaintiffs were already aware of this basis, at least, for Defendants' objections and instructions.[24] Further, despite Plaintiff's argument, the propriety of Defendants' instructions to the deponent to refrain from answering deposition questions, and whether those questions were subsumed with the deposition topics provided by Plaintiffs, do not involve a "complex area of federal jurisprudence," that required extensive research or complicated arguments, which Plaintiffs implicitly recognize in the assertion that "the answers [as to the propriety of defense counsel's instructions] are clear."[25]

Under these facts, it is feasible that Plaintiffs could have filed the instant Motion within seven days of the deposition, as supported by, or shortly thereafter supplemented by, a rough deposition transcript. *More importantly, Plaintiffs could have, and should have, sought leave of Court for more time to file the instant Motion*, which request would likely have been granted given that Plaintiffs received an extension of the deadline to take the corporate deposition in the first place. The parties have sought several extensions of time during these proceedings, including

---

[22] Plaintiffs requested a "rough rushed draft" of the transcript on or about July 27, 2020 for an extra fee, and likely received a rough draft from the court reporter within a short time frame. *See* R. Doc. 58-2.
[23] R. Doc. 58, p. 5.
[24] The parties dispute whether adequate conferral was had about the deposition before the Motion was filed. *See* R. Doc. 58, p. 5 and R. Doc. 61, p. 4 (referencing conferring with counsel three weeks after the deposition was taken "as [counsel's] schedules permitted"). Parties are always encouraged, and generally required, to confer; however, parties must still seek timely relief from the Court if they do not have time to meaningfully confer and meet the scheduling order deadlines.
[25] R. Doc. 61, p. 2. The undersigned noted during the telephone conference that the memorandum in support of Plaintiffs' Motion reflected that the corporate representative appeared to have been instructed by defense counsel on a number of occasions to refrain from answering questions, yet the enumerated Fed. R. Civ. P. 30(b)(6) topics were generally broad and potentially encompassed the questions posed. However, the merits of the Motion are not reached because it is untimely.

5

leave to conduct the deposition that is the subject of the instant Motion outside of the discovery deadline.[26] While the Court encourages the parties to confer in order to amicably resolve issues, parties must promptly seek relief from the Court when warranted, particularly where, as here, the discovery deadline had already expired and the deposition at issue was permitted as a limited exception to that deadline.[27]

As Defendants note, untimely motions to compel that lack sufficient grounds for their untimeliness are routinely denied by this Court and others in this Circuit. *See, e.g., Zavala v. City of Baton Rouge*, (denying two motions to compel as untimely and holding that Local Civil Rule 26(d)(1)) did not apply because the motions did not relate to conduct occurring during the final seven days of discovery, and exceptional circumstances were not shown);[28] *Bryant v. State Farm Mutual Automobile Insurance Company,* (denying untimely filed motion to compel an independent medical examination and holding: "Having found no exceptional circumstances to order an untimely Rule 35 examination based on the assertions in the instant motion, the Court will deny the instant motion as untimely. *See* LR 26(d)(1);"[29] and *Savoy v. Stroughter,* (denying motion to compel that was filed over six months after the discovery deadline; finding that Local Rule 26(d)'s

---

[26] *See* R. Docs. 22, 67, 69.

[27] *See Wells v. Sears Roebuck and Co.*, 203 F.R.D. 240, 241 (S.D. Miss. Oct. 26, 2001) ("[I]f the conduct of a respondent to discovery necessitates a motion to compel, the requester of the discovery must protect himself by timely proceeding with the motion to compel. If he fails to do so, he acts at his own peril.").

[28] No. 17-656, 2020 WL 2574650, *9 (M.D. La. May 21, 2020). Plaintiff partially misconstrues the *Zavala* holding to the extent that Plaintiff argues that two of the motions were denied because they were filed "nearly one month after conferral of the parties." R. Doc. 61, p. 3. The date counsel conferred is not what rendered the motions untimely. In *Zavala*, the plaintiff's third and fourth motions to compel were denied as untimely because they were filed one week after the November 1, 2019 deadline expired to complete fact discovery and file discovery motions, and Local Rule 26(d)'s exception did not apply, *i.e.*, the motions did not relate to conduct that occurred during the final seven days of discovery, as the defendant's responses to the discovery at issue were served in mid-October. While it was noted that counsel conferred about some of the responses, and the lack thereof, within the final seven days of discovery, the decision clearly held "These discussions in late October regarding the discovery disputes do not amount to 'conduct occurring during the final seven days of discovery' as contemplated in Local Rule 26(d)(1)." *Id.*

[29] No. 17-315, 2018 WL 3869981, at *1 (M.D. La. Aug. 14, 2018). *See id, citing Price v. Maryland Cas. Co.*, 561 F.2d 609, 611 (5th Cir. 1977) (denying motion to compel filed after the close of discovery where party had been 'inexcusably dilatory in his efforts'), and *Days Inn Worldwide, Inc. v. Sonia Investments*, 237 F.R.D. 395, 396-99 (N.D. Tex. July 17, 2006) (motion to compel was untimely filed two weeks after the discovery deadline; motion should have been filed within discovery deadline).

exception did not apply because the video at issue was produced two months before the discovery deadline; and, holding that there was no showing of exceptional circumstances to warrant the untimely filing).[30]  As Plaintiffs have failed to show exceptional circumstances or excusable neglect, the Motion to Compel will be denied as untimely.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that the Motion to Compel a Second Corporate Representative Deposition,[31] filed by Plaintiffs Tyeshia Zinamon and Magarret Taylor is **DENIED.**

Signed in Baton Rouge, Louisiana, on December 7, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[30] No. 18-463, 2020 WL 4006665, at *1 (M.D. La. July 15, 2020).
[31] R. Doc. 41.