UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TYESHIA ZINAMON AND<br>MARGARRET TAYLOR | CIVIL ACTION |
| VERSUS | 19-656-SDD-EWD |
| STR TRANSPORT, INC., PRIME<br>PROPERTY & CASUALTY, AND<br>RAFAEL LOPEZ | |

**RULING**

This matter is before the Court on the *Motion for Partial Summary Judgment*[1] by Defendants, STR Transport, Inc. ("STR"), Prime Property & Casualty Insurance, Inc. ("Prime"), and Rafael Lopez ("Lopez")(or collectively "Defendants"). Plaintiffs, Tyeshia Zinamon and Margarret Taylor ("Plaintiff"), have filed an *Opposition*[2] to this motion, to which Defendants filed a *Reply*.[3] For the following reasons, the Court finds that Defendants' motion should be granted.

**I.    FACTUAL BACKGROUND**

This lawsuit arises out of a motor vehicle accident that occurred on November 26, 2018, in Caddo Parrish. Defendant Rafael Lopez was operating a 2015 Freightliner in the course and scope of his employment with STR Transport, Inc. when the Freightliner allegedly struck the Plaintiffs' vehicle. The Defendants stipulate that, at the time of the accident, the Freightliner was owned by STR Transport, Inc. and operated by Lopez, who

---

[1] Rec. Doc. No. 25.
[2] Rec. Doc. No. 31.
[3] Rec. Doc. No. 35.
Document Number: 64782                                                                                                              1

was in the course and scope of employment with STR Transport, Inc.[4]

Plaintiffs allege a direct negligence claim against Lopez and vicarious liability against Lopez's employer STR, and they also assert independent claims of negligence against STR - failure to train, failure to supervise, and negligent entrustment of its vehicle to an "unlicensed, incompetent, and/or reckless driver."[5]

Defendants move for partial summary judgment, arguing it would constitute legal error for a jury to allocate fault against STR independent of the negligence of its employee Lopez, for which STR is vicariously liable.  Plaintiffs oppose this motion, arguing that Louisiana Civil Code article 2323 mandates a comparative fault regime, as does the recent decision by the district court for the Western District of Louisiana in *Gordon v. Great W. Cas. Co.*,[6] which Plaintiffs contend correctly interprets the Louisiana Supreme Court's jurisprudence on this issue.

## II.    LAW AND ANALYSIS

### A.  Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[7]  "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence."[8]  A party moving for summary judgment "must 'demonstrate the absence

---

[4] Rec. Doc. No. 6, pp. 1-2; *See* Rec. Doc. No. 25-4, STR's Responses to Plaintiffs' Discovery, at Interrogatory No. 7, Request for Production No. 36, and Request for Admission No. 12 and Rec. Doc. No. 25-5, Prime and Lopez's Responses to Plaintiffs' Discovery, at Interrogatory No. 7, Request for Production No. 36 and Request for Admission No. 12.
[5] Rec. Doc. No. 1-2, ¶ 9.
[6] No. 2:18-CV-00967 (LEAD), 2020 WL 3472634, at *1 (Cain, J.) (W.D. La. June 25, 2020).
[7] Fed. R. Civ. P. 56(a).
[8] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).

of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[9] If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[10] However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[11]

Notably, "[a] genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[12] All reasonable factual inferences are drawn in favor of the nonmoving party.[13] However, "[t]he court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[14] "Conclusory allegations unsupported by specific facts … will not prevent an award of summary judgment; 'the plaintiff [can]not rest on his allegations … to get to a jury without "any significant probative evidence tending to support the complaint."'"[15]

---

[9] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (M.D. La. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. at 2552)).
[10] *Rivera v. Houston Independent School Dist.*, 349 F.3d 244, 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).
[11] *Willis v. Roche Biomedical Laboratories, Inc.*, 61 F.3d 313, 315 (5th Cir. 1995)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[12] *Pylant v. Hartford Life and Accident Insurance Company*, 497 F.3d 536, 538 (5th Cir. 2007)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
[13] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).
[14] *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).
[15] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994)(quoting *Anderson*, 477 U.S. at 249).

### B. Vicarious Liability under Louisiana Law

The principle of vicarious liability in Louisiana law is codified in Civil Code article 2320, which provides, in pertinent part: "Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed."[16]  "Vicarious liability rests in a deeply rooted sentiment that a business enterprise cannot justly disclaim responsibility for accidents which may fairly be said to be characteristic of its activities."[17]  An employer's vicarious liability for conduct which is not his own extends only to the employee's tortious conduct which is within the course and scope of employment.[18]

Citing decisions from this Court and other Louisiana federal district courts, Defendants contend that, under Louisiana law, when an employer conceded course and scope, a plaintiff cannot simultaneously pursue *respondeat superior* and direct negligence claims against an employer.[19]  Defendants rely heavily on the recent decision of the Western District of Louisiana in *Dennis v. Collins*,[20] a case factually analogous to the case before the Court.  In *Dennis*, a plaintiff asserted causes of action against Greyhound and its driver for damages that resulted from a motor vehicle accident.  The plaintiff also asserted individual claims against Greyhound for negligent hiring, training, and supervision of its driver.  The court noted that Greyhound did not argue "that a plaintiff can never simultaneously maintain both (1) a direct negligence (i.e., negligent hiring,

---

[16] *Iglinsky v. Player*, No. 08-650-BAJ-CN, 2010 WL 4905984 at *2 (M.D. La. Nov. 24, 2010).
[17] *Richard v. Hall*, 2003–1488 (La.4/23/04), 874 So.2d 131, 137.
[18] *Kelly v. Dyson*, 10–61 (La.App. 5 Cir. 5/25/10), 40 So.3d 1100, 1105.
[19] Rec. Doc. No. 25-1, p. 2 (citing *Dennis v. Collins*, No. CV 15-2410, 2016 WL 6637973, at *7 (W.D. La. Nov. 9, 2016)(citing *Libersat v. J & K Trucking, Inc.*, 2000-00192 (La. App. 3 Cir. 10/11/00), 772 So. 2d 173, 179, *writ denied*, 2001-0458 (La. 4/12/01), 789 So. 2d 598).  *Accord Franco v. Mabe Trucking Co., Inc.*, 5:17-CV-00871, 2018 WL 6072016, at *1 (W.D. La. Nov. 20, 2018)).
[20] No. 15-2410, 2016 WL 6637973 (W.D. La. Nov. 9, 2016).

training, and or/supervision) cause of action against an employer and (2) a tort cause of action against an employee for which the plaintiff seeks to hold the employer vicariously liable."[21]  Rather, the court explained that:  "Greyhound argues only that a plaintiff cannot simultaneously maintain both (1) a direct negligence cause of action against an employer and (2) a negligence cause of action against an employee for which the plaintiff seeks to hold the employer vicariously liable when the defendant stipulates that the employee acted in the course and scope of employment."[22]

The *Dennis* court examined this question in great detail and researched a wealth of Louisiana federal and state jurisprudence on the issue.  The *Dennis* court ultimately rejected plaintiff's argument and held:

> If the trier of fact finds that he was negligent and that his negligence was a cause-in-fact and legal cause of Dennis' injuries, then Greyhound is liable for Collins' actions. If he was not negligent, then no amount of negligence on the part of Greyhound in training and supervising him could have been the cause-in-fact or legal cause of the collision and Dennis' injuries. In other words, if the trier of fact does not find that Collins (exercising his training and under the supervision of Greyhound on the day of the collision) was negligent on the day of the collision, the trier of fact could not reasonably find that but-for Greyhound's failure to properly train and supervise Collins, the injuries to Dennis would not have occurred. Nor could the trier of fact reasonably find that Greyhound's failure to properly train and supervise Collins was a legal cause of Dennis' injuries if Collins was not negligent; Greyhound should not be held liable if its failure to train and supervise Collins did not result in an actual breach of duty by Collins on the day of the collision. Greyhound's Motion for Partial Summary Judgment must therefore be GRANTED.[23]

Defendants also point to the decision of this Court in *Wilcox v. Harco International Insurance*,[24] a case involving similar facts as those presented herein.  This Court quoted

---

[21] *Id.* at *5.
[22] *Id.*
[23] *Id.* at *8.
[24] No. 16-187, 2017 WL 2772088 (M.D. La. June 26, 2017).

heavily from *Dennis* in deciding *Wilcox*, finding that the independent negligence claims against the employer-owner were subject to dismissal with prejudice.[25]

Plaintiffs oppose Defendants' motion, arguing that the plethora of Louisiana federal district courts have erroneously interpreted Louisiana Supreme Court decisions on this issue. Plaintiffs submit that this Court should depart from its prior holding[26] and the numerous Louisiana federal district court cases which are in line with *Dennis* and, rather, follow the recent outlier decision by one judge in the Western District of Louisiana in *Gordon v. Great W. Cas. Co.*[27]  In *Gordon*, the district judge acknowledged that he had previously endorsed the view set forth in *Dennis*, he nevertheless stated:  "[u]pon review of recent Louisiana jurisprudence ... and in light of the number of times in which the rule has recently been asserted, the court now reconsiders its endorsement."[28]

The *Gordon* court relied on two Louisiana Supreme Court decisions from 2006 and 2017 - *Coulon v. Endurance Risk Partners, Inc.*[29] and *Foley v. Entergy Louisiana, Inc.*[30] Plaintiffs insist the *Gordon* court correctly interpreted *Foley* and *Coulon*, and in light of this recent departure from *Dennis* and its progeny, this Court should likewise reverse course and follow *Gordon*'s holding that Plaintiffs can bring simultaneous claims for direct negligence against an employer and a claim for vicarious liability.

This exact was argument was presented to the district court for the Eastern District of Louisiana in *Rivera v. Robinson*,[31] and rejected.  The *Rivera* court explained as follows:

> In *Foley*, the court considered the proper allocation of fault between a

---

[25] *Id.* at *3.
[26] *See* note 24, *supra.*
[27] No. 2:18-CV-00967 (LEAD), 2020 WL 3472634, at *1 (Cain, J.) (W.D. La. June 25, 2020).
[28] *Id.* at *2.
[29] 2016-1146 (La. 3/15/17), 221 So. 3d 809.
[30] 2006-0983 (La. 11/29/06), 946 So. 2d 144.
[31] 2020 WL 5752851 (E.D. La. Sept. 25, 2020).

plaintiff, coworker, the employer, and the power company after an employee sustained catastrophic injuries working on an overhead, uninsulated 8,000-volt electric power distribution line. While this case considered an employee's direct claim of negligence against his own employer, somehow the district court in *Gordon* mistakenly believed it "involve[d] simultaneous claims of employer direct negligence and claims for which the employer could be held vicariously liable." *Gordon*, 2020 WL 3472634, at *4.

In *Coulon*, the Louisiana Supreme Court considered the pleading requirements of the Louisiana Medical Malpractice Act (La. Stat. Ann. § 40:1231.1) where plaintiff alleged both direct and vicarious liability and found "that the allegations taken separately, under direct or vicarious liability, are sufficient to encompass the causes of action at issue." *Coulon*, 221 So. 3d at 813, 814-15.

Again, the Court is of the opinion that the *Gordon* court confuses the issues. In *Coulon*, the Supreme Court of Louisiana considered a negligence claim through the purview of the Louisiana Medical Malpractice Act, which explicitly provides a medical malpractice cause of action for failure to supervise, and not Article 2315 of the Louisiana Civil Code duty-risk analysis principles. In addition, the Louisiana Supreme Court, in *Coulon*, was not faced with considering whether to allow the allegations of direct and vicarious liability to simultaneously proceed where the employer already stipulated to being vicariously liable.

While the *Gordon* court argues that proper allocation of fault between tortfeasors is the fundamental purpose of Louisiana's comparative fault scheme, this rationale completely misconstrues the central holding in *Dennis*, which focuses on the but-for cause element of liability, and almost entirely ignores the text of Louisiana Civil Code Article 2320, which provides the statutory right to seek damages from a tortfeasor['s] employer in the event the employer could have somehow prevented the act which caused the damage. *See* La. Civ. Code Ann. art. 2320.[32]

The *Rivera* court noted that "[f]ederal courts sitting in diversity have all but considered and rejected the public policy considerations in favor of comparative allocation of fault between the parties."[33] The *Rivera* court continued: "the Court also cast doubt

---

[32] *Id.* at *5.
[33] *Id*. at *6 (citing *Pigott v. Heath*, No. CV 18-9438, 2020 WL 564958, at *4 (Feldman, J.) (E.D. La. Feb. 5, 2020)(citing *Giles v. ACE Am. Ins. Co.*, No. CV 18-6090, 2019 WL 2617170, at *3 (Vance, J.) (E.D. La. June 26, 2019) ("[T]here is no need to allocate fault between the parties when plaintiff's vicarious liability claims make [the employer] entirely responsible for [the employee's] negligence. If [the employee] is found to be negligent, the principle of *respondeat superior* automatically makes [the employer] responsible for the

upon the *Gordon* court[']s assertion that 'the Louisiana Supreme Court has recognized claims of negligent hiring, training, and supervision as stand-alone causes of action distinct from the theory of vicarious liability' and no cases have shown 'a merger of the two theories under Louisiana statutory law or Supreme Court jurisprudence.'"[34]  Indeed, if Plaintiffs' damages are proven, the employer will be liable for the damages under whatever theory of liability is advanced.

In *Marcello v. Holland*,[35] another case before the Eastern District court and decided post-*Gordon*, the same result was reached.  The court noted that the Louisiana Supreme Court has not directly addressed this issue, and it relied on numerous state appellate court decisions in reaching the same conclusion as in *Rivera*:

> While the Supreme Court of Louisiana has not ruled on this issue, the First, Third, and Fifth Circuits agree with Dansk's position. *See Elee v. White*, 19-1633 (La. App. 1st Cir. 7/24/20), —— So. 3d ——, 2020 WL 4251974, at *4; *Landry v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 19-337 (La. App. 5th Cir. 12/30/19), 289 So. 3d 177, 185-86, *writ denied*, 20-188 (La. 5/1/20), 295 So. 3d 945; *see also Libersat v. J&K Trucking, Inc.*, 00-192 (La. App. 3d Cir. 10/11/00), 772 So. 2d 173, 179 (affirming trial court's refusal to give jury instructions on negligent hiring and training), *writ denied*, 01-458 (La. 4/12/01), 789 So. 2d 598. As explained by the court in *Elee*:
>
>> The summary dismissal of [the plaintiff's] direct negligence claim will not impinge on the factfinder's role to determine facts and assess fault. This is because [the plaintiff's] direct negligence claim against [the employer] is essentially subsumed in the direct negligence claim against [the employee]; an employee driver's negligence may include his employer's negligence for lapses in hiring, training, and

---

entirety of [the employee's] liability."), *Coffey v. Knight Refrigerated, LLC*, No. CV 19-3981, 2019 WL 5684258, at *3 (Milazzo, J.) (E.D. La. Nov. 1, 2019) (noting that the public policy considerations advanced by the plaintiff including deterrence of undesirable conduct, satisfaction of the community's sense of justice, and predictability "ignore[ ] the fact that [the employer] will be made to pay for plaintiff's damages regardless of whether it is found liable vicariously or directly" and other public policy considerations "such as streamlining the litigation process and avoiding unnecessary confusion."); *see also Ferguson v. Swift Transp. Co. of Ariz.*, 2020 U.S. Dist. LEXIS 115753, *3 (finding where employer had stipulated to vicarious liability, "[u]nder these circumstances, the only discernable reason to press other claims directly against [the employer] is to inflame or prejudice the jury.").
[34] *Id.* (quoting *Gordon*, 2020 WL 3472634, at *4).
[35] 2020 WL 5960684 (E.D. La. Oct. 8, 2020).

> supervision. On the other hand, if [the employee] was not negligent in causing the subject accident, then a factfinder could not reasonably find that [the employer's] failure to properly hire, train, or supervise him was a legal cause of the accident.

2020 WL 4251974, at *3 (citations omitted). This Court, as well as the Western and Middle Districts of Louisiana, have repeatedly adopted this view. *See, e.g., Rivera v. Robinson*, No. 18-14005, 2020 WL 5658899, at *2 (E.D. La. Sept. 23, 2020) (collecting cases); *see also Wilcox v. Harco Int'l Ins.*, No. 16-187, 2017 WL 2772088, at *3 (M.D. La. June 26, 2017); *Dennis v. Collins*, No. 15-2410, 2016 WL 6637973, at *8 (W.D. La. Nov. 9, 2016). *But see Gordon v. Great W. Casualty Co.*, No. 2:18-CV-00967, 2020 WL 3472634, at *4-5 (W.D. La. June 25, 2020).[36]

The *Marcello* court noted that the Louisiana Supreme Court "recently had an opportunity to review this issue and declined to do so" in the *Landry* case.[37] Restating that it agrees with the *Elee* court's statement of the rule, the *Marcello* court held:

> [A] plaintiff cannot maintain a direct negligence claim, such as negligent hiring, training, supervision, etc., against an employer, while simultaneously maintaining a claim against the alleged negligent employee for which the plaintiff seeks to hold the employer vicariously liable, after the employer has admitted that the employee was in the course and scope of employment at the time of the alleged conduct.[38]

> Because Plaintiff has asserted negligence claims against Holland, the employee, as well as direct negligence and vicarious liability claims against Dansk, the employer, and Dansk has admitted that Holland "was acting in the course and scope of his employment with" Dansk when the collision between Holland and Plaintiff occurred, Plaintiff's direct negligence claims against Dansk must be dismissed.[39]

The Court finds the reasoning of *Dennis*, *Rivera*, and *Marcello* sound and practical and respectfully declines to follow *Gordon*. Accordingly, there being no material facts in dispute surrounding this legal question, Defendants' motion for summary judgment on this issue shall be granted.

---

[36] *Id.* at *2.
[37] *Id.*
[38] *Id.* at* 3 (quoting *Elee*, 2020 WL 4251974, at *4).
[39] *Id.* at *3.

### III. CONCLUSION

For the reasons set forth above, Defendants' *Motion for Partial Summary Judgment*[40] is GRANTED, and the independent negligence claims asserted against Defendants are dismissed with prejudice.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on February 24, 2021.

_____
SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[40] Rec. Doc. No. 25.
Document Number: 64782